UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUMVEE EXPORT, LLC,

        Plaintiff,

                                    Case No. 21-CV-10548

vs.

                                      HON. GEORGE CARAM STEEH

ECO VEHICLE SYSTEMS, LLC,

        Defendant.

_____/

OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S APPLICATION FOR ENTRY
OF JUDGMENT CONFIRMING ARBITRATION AWARD (ECF No. 1)

This matter is before the Court on plaintiff Humvee Export, LLC's

("HE") application for entry of judgment confirming arbitration award against

defendant Eco Vehicle Systems, LLC ("EVS"). The matter has been fully

briefed and, upon a careful review of the written submissions, the Court

deems it appropriate to render its decision without a hearing pursuant to

Local Rule 7.1(f)(2). For the reasons set forth below, plaintiff's application is

GRANTED in part and DENIED in part.

## FACTUAL AND PROCEDURAL BACKGROUND

HE is in the business of exporting AM General Humvee C-Series vehicles to international customer markets. EVS provides vehicle customization. On January 31, 2018, the parties entered into a vehicle assembly agreement whereby EVS would partially assemble and upfit kits and related parts that HE provided to EVS (the "Kits"). Over the course of their contractual relationship, the parties have been involved in several disputes that have led to litigation, arbitrations and amended contracts.

As the result of a dispute between the parties under their original vehicle assembly agreement, HE filed a lawsuit against EVS in the United States District Court for the Eastern District of Michigan (Judge Gershwin A. Drain, Case No. 18-cv -12962). That lawsuit was ultimately dismissed and merged into an arbitration proceeding against EVS with JAMS in Detroit, Michigan (the "First Arbitration").

EVS then commenced litigation in Indiana state court to foreclose a disputed lien on the Kits, which HE removed to the United States District Court for the Southern District of Indiana (the "First Indiana Litigation"). On June 27, 2019, HE and EVS entered into a Settlement Agreement and Mutual Release (the "Settlement Agreement") to resolve the First

Arbitration and First Indiana Litigation after successful JAMS Mediation. As required by the Settlement Agreement, the First Indiana Litigation was dismissed with prejudice and the First Arbitration was stayed. As per the Settlement Agreement, the parties also entered into an incorporated Amended and Restated C-Series Humvee Vehicle Assembly Agreement (the "Amended VAA") (Settlement Agreement ¶ 1 and Amended VAA; ECF No. 1-2, PageID.18 and 21).

Both the Settlement Agreement and the Amended VAA are governed by Michigan law and provide that any dispute or matter arising out of either agreement shall be mediated and, "[i]f not resolved through mediation, the Parties shall then submit to final and binding arbitration. Any decision reached by the Arbitrator shall be final and binding and, if required, may be entered as a judgment in any court having jurisdiction." (Settlement Agreement ¶¶ 2 and 10 and Amended VAA §§ 5.2 and 5.4).

Following unsuccessful mediation which arose out of a new dispute under the Settlement Agreement and Amended VAA, final and binding Arbitration occurred by consent of HE and EVS on November 10-12, 2020 with JAMS in Detroit, Michigan. On December 21, 2020, Arbitrator Hon. Mary Beth Kelly issued her Final Award in favor of HE on all claims. On

December 30, 2020, Arbitrator Kelly issued her ancillary Award of Costs arising from the Final Award. EVS did not seek a correction of the Final Award or Award of Costs (referred to together as "Award") by the Arbitrator within seven days, as permitted by JAMS Rule 24(j) ("any Party may serve upon the other Parties and file with JAMS a request that the Arbitrator correct any computational, typographical or other similar error in an Award").

The December 21, 2020 Final Award provides in favor of HE as follows:

1. Return of the remainder of the 41 prepaid Kits at EVS' expense, the timing and location to be determined by HE within 30 days of the award.

2. Payment by EVS of the $720,000 HE credit. The portion of the credit amortized over the first two vehicles may be deducted from the $720,000.

3. Payment of $180,000 for the breach of contract, tortious interference and conversion claims.

4. The payment of the reasonable attorneys fees and costs, subject to interest from the date mediation began, March 25, 2020 until payment. Mr. Rassel shall submit a bill of costs within seven days of entry of this award.

5. Other damages (beyond the attorney fees) are subject to post-award interest and shall be paid in full no later than 60 days of this award.

6. The lien filed in Indiana is declared void and the Indiana action for foreclosure shall be dismissed with prejudice within 5 days of this award.

(ECF No. 1-3, PageID.62-63).

HE agrees that EVS complied with the requirement in item No. 6 of the Final Award by dismissing the Indiana foreclosure action with prejudice within 5 days of the Arbitration Award (ECF No. 1, PageID.12, fn.3).

The December 30, 2020 Award of Costs provides in favor of HE as follows:

1. Attorney Fees to Richard Rassel's firm: $275,122. They will not be awarded attorney fees for the mediation.

2. $278.00 for Lien Search

3. $8,942.50 for Indiana Counsel

4. $44,391.11 JAMS Costs (inclusive of paying the outstanding fees of Respondents in the amount of $16,300.25

5. $7,280.88. Deposition Costs

6. No Award for expert fees, conference calling service, legal research firm.

7. Pre-and Pots-judgement interest as set forth in Final Award.

(ECF No. 1-4, PageID.66).

On March 11, 2021, HE commenced this summary proceeding seeking an order confirming the Award and for entry of judgment. EVS objects and requests that the Award be modified because (1) it does not adequately define the number of Kits EVS has in its possession and is required to return; (2) it contains extraneous information not contained in the arbitrator's award that is irrelevant and unnecessary to the judgment; and (3) portions of the Award have already been satisfied, and therefore do not need to be included in a judgment.

<u>LEGAL STANDARD</u>

Confirmation of arbitration awards is governed by section 9 of the Federal Arbitration Act ("FAA"), which provides that if an arbitration agreement directs that a court judgment shall be entered upon an award, a party may apply for an order of confirmation within a year after the award is issued. 9 U.S.C. § 9. The FAA presumes that arbitration awards will be confirmed and that any judicial review of an award will be exceedingly limited. *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005). The power of the court to review an arbitration award is "one of the narrowest standards of judicial review in all of American jurisprudence." *Way Bakery v. Truck Drivers Local No. 164,* 363 F.3d 590, 593 (6th

Cir.2004) (citing *Tennessee Valley Authority v. Tennessee Valley Trades and Labor Council,* 184 F.3d 510, 515 (6th Cir.1999). As long as the arbitrator does not act outside their authority, commit fraud, or have a conflict of interest, and as long as the arbitrator arguably construed the terms of the contract, a "request for judicial intervention should be resisted even through the arbitrator made 'serious,' 'improvident' or 'silly' errors in resolving the merits of the dispute." *Michigan Family Resources, Inc. v. SEIU Local 517M,* 475 F.3d 746, 753 (6th Cir.2007) (en banc).

Section 11 of the FAA sets forth the specific circumstances under which a court may modify an arbitration award. *Grain v. Trinity Health, Mercy Health Servs, Inc.*, 551 F.3d 374, 378, 380 (6th Cir. 2008). These circumstances include material miscalculations of figures or descriptions, §11(a), or an imperfection "in matter of form not affecting the merits of the controversy," §11(c). If such circumstances exist, "[t]he order may modify and correct the award, so as to effect the intent thereof and promote justice between the parties." 9 U.S.C. §11(c). The FAA requires that notice of a motion to vacate, modify, or correct an arbitration award must be served on the adverse party or its attorney "within three months after the award is filed or delivered." 9 U.S.C. § 12.

ANALYSIS

I.    <u>EVS's Modifications are Untimely</u>

EVS's attempt to seek modification of the Award through its objections to HE's Application is untimely and improper. The FAA specifically requires that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Section 12 has been applied by federal courts in the Sixth Circuit to bar any attempt to vacate, modify, or correct an arbitration award once the three-month period has expired. *See Stonebridge Equity LLC v. China Auto. Sys., Inc.*, No. 09-11541, 2012 WL 899360, at *2 (E.D. Mich. Mar. 16, 2012), aff'd, 520 F. App'x 331 (6th Cir. 2013) ("If a party has defenses to an arbitration award, that party should raise those defenses within the period prescribed for actions to vacate an award rather than wait to raise them as defenses in a confirmation hearing."); *Michigan Glass & Glazing Indus. Defined Contribution Pension Plan v. CAM Glass, Inc.*, No. 06-12917, 2008 WL 506350, at *8 (E.D. Mich. Feb. 22, 2008) (citing cases) (where defendant elected not to file motion to vacate arbitration award during three months after receiving copy of award, defendant's objections to award were

deemed waived; defendant was not permitted to assert untimely claims as a defense to plaintiff's petition to confirm award).

By not seeking modification of the Award by motion filed within three months of the Award being issued, EVS has forfeited its right to have the Court consider its untimely arguments raised pursuant to 9 U.S.C. § 11. The Court considers EVS's objections below to determine if there are other timely raised and appropriate reasons the Award should not be confirmed, and Judgment entered as requested by HE.

II.     Judgment Inadequately Defines the Number of Kits to be Returned

The Award contains the requirement that EVS return "the remainder of the 41 prepaid Kits." In its objections, EVS states that it presented evidence at the Arbitration that it does not retain 41 Kits. EVS then repeats arguments it made before the Arbitrator about the number of Kits it has in its possession, including the fact that the Final Award acknowledges that EVS completed and sold two of the Kits to HE prior to the Arbitration. (*See* Final Award, ECF No. 1-3, PageID.41-42 ("EVS then issued its Invoice for the first vehicle on September 13, 2019 and shipped the first vehicle to HE on September 25, 2019. HE paid for the vehicle kit 1 on October 2, 2019) (internal citations omitted); ECF No. 1-3, PageID.51 ("EVS receives

payment on unit 2 on February 27, 2020...")). EVS argues that an "imperfection of form" exists where the Arbitrator did not specify the exact number of Kits in EVS's possession that EVS is required to return to HE. Alternatively, EVS argues the Final Award contains a material mistake in the description of the Kits because it does not state an exact quantity, and the Court may modify the Final Award.

The Final Award indicates that EVS is to return "the remainder of the 41 Kits" to HE. (ECF 1-2, PageID 62). By including the term "remainder," the Arbitrator ordered EVS to return all the Kits it has possessory control over, whatever that total number is. HE points out that this is practically no different than including the actual number of Kits EVS possesses. The proposed Judgment accurately reflects the verbatim language of the Award issued by the Arbitrator. EVS's objection in this regard is overruled.

III.    Judgment Contains Extraneous Information Not Included in Award

EVS next takes issue with the fact that the proposed Judgment contains facts that are described as inaccurate, purely unnecessary, argumentative, and do not further the purpose of the Judgment. Specifically, footnote 1 of the proposed Judgment states:

> On January 12, 2021, HE confidentially, through counsel and in writing, provided EVS, through counsel, with the required return

of the Kits to HE information. This instruction to EVS was ignored by EVS. HE then notified EVS of this initial breach of the Final Arbitration Award in a confidential writing to EVS's counsel dated January 29, 2021. Accordingly, this element of the Award remains unsatisfied as of the date of this Judgment and must be performed by EVS. The instruction to EVS from HE as to where to return the Kits may be amended by HE in writing to EVS from time to time until fully completed by EVS.

(ECF No. 1-6, PageID.74).

The Court's job is to confirm the award issued by the arbitrator and the statements contained in footnote 1 are not part of the Arbitrator's Award in this case. As such, footnote 1 has no place in the Judgment entered by this Court. EVS's objection on this point is sustained and footnote 1 will not be included in the Judgment entered by the Court.

IV.   Judgment Contains an Item Already Satisfied

Finally, EVS points out that the proposed Judgment contains an item in the Award that EVS has already satisfied. Specifically, item No. 6 of the proposed Judgment states "The lien filed in Indiana is declared void and the Indiana action for foreclosure shall be dismissed with prejudice within 5 days of this award." (ECF No. 1-6, PageID.75). EVS dismissed the Indiana lien action with prejudice on December 28, 2020. See Exhibit B, Order of Dismissal with Prejudice. Additionally, EVS released its lien on January 31,

2021, and the Release was recorded on February 4, 2021 by the Randolph County Recorder in Indiana. See Exhibit C, Release of Lien. Footnote 3 in the proposed order contains a footnote stating "This was completed by EVS." (ECF No. 1-6, PageID.75, fn 3). Both parties agree that EVS has satisfied that aspect of the Arbitrator's Final Award.

EVS maintains that the Judgment entered by this Court need not include any aspect of the Award that has already been satisfied. According to EVS, as there is no dispute that it has satisfied the portion of the Final Award requiring that it dismiss the Indiana action and release the lien that the Arbitrator declared void, the Judgment should not include this requirement. However, the FAA directs the Court to confirm the award as handed down by the arbitrator, unless it has been vacated, modified or corrected as prescribed in the statute. 9 U.S.C. § 9. Therefore, the judgment should reflect all portions of the Award. The Court notes that footnote 3 in the proposed judgment states that "[t]his was completed by EVS." The inclusion of this footnote provides a record that EVS already complied with this part of the Award. In addition, a party can move for satisfaction of the judgment when its obligations and liabilities are discharged by performance. This objection made by EVS is overruled.

## CONCLUSION

For the reasons stated in this opinion and order,

IT IS HEREBY ORDERED that plaintiff HE's application for an order confirming the Final Arbitration Award and Award of Costs and reducing same to a Judgment against defendant EVS (ECF No. 1) is GRANTED in part and DENIED in part.

IT IS HEREBY FURTHER ORDERED that Judgment will enter as proposed by HE, without "footnote 1" at the end of item No. 1. After footnote 1 is removed, the remaining two footnotes will be renumbered as footnotes 1 and 2.

So ordered.

Dated:  June 30, 2021

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 30, 2021, by electronic and/or ordinary mail.

s/Leanne Hosking
Deputy Clerk